# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JANICE B. HALL,**

        **Plaintiff,**

-vs-                                              **Case No. 6:09-cv-908-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## MEMORANDUM OF DECISION

Plaintiff Janice B. Hall (the "Claimant") appeals to the district court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for benefits. Doc. No. 1. Claimant maintains the Administrative Law Judge (the "ALJ") erred by: finding Claimant is able to perform her past relevant work; failing to properly apply the correct legal standards regarding the side-effects of Claimant's medications; and failing to properly apply the pain standard in discrediting Claimant's subjective statements. Doc. No. 13. Claimant requests that the final decision of the Commissioner be reversed and that the case be remanded for an award of benefits or, alternatively, the case be remanded to the ALJ for further proceedings. *Id*. For the reasons set forth below, it is **RECOMMENDED** that the Commissioner's decision be **REVERSED and REMANDED to the ALJ pursuant to sentence four of 42 U.S.C. § 405(g) because the ALJ failed to apply the correct legal standards when he determined Claimant could perform her past relevant work.**

## I. BACKGROUND

Claimant was born on August 6, 1962, and she has a high school education. R. 51, 70. Claimant's past employment experience includes working as a dietary aid from 1987 to 1993, and working as a teacher's aide from 1996 to 2006. Doc. No. 64. On November 6, 2006, Claimant filed an application for benefits. R. 51. Claimant alleges disability due to diabetes, acid reflux, chest pain, and depression. R. 37. Claimant's alleges an onset of disability as of July 30, 2006. R. 58. Claimant is insured for benefits through December 31, 2011. R. 14.

## II. PROCEEDINGS BELOW

Claimant's application was denied initially and upon reconsideration. R. 35-37, 42-43. On September 14, 2007, Claimant requested a hearing before an ALJ and, on September 18, 2008, a hearing was held before the Honorable Patrick F. McLaughlin. R. 34, 389-442. At the hearing, Claimant was represented by counsel. R. 389. Claimant and Vocational Expert (the "VE"), Paul Dolan, were the only persons to testify. R. 389-442.

On January 9, 2009, the ALJ issued a decision finding Claimant not disabled. R. 12-21. The ALJ made the following findings:

1. Claimant meets the insured status requirements of the Social Security Act through December 31, 2011;

2. Claimant has not engaged in substantial gainful activity since July 30, 2006, the alleged onset date;

3. Claimant has the following severe impairments: non-insulin dependent diabetes mellitus, obesity and an adjustment disorder;

4. Claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments;

5. After careful consideration of the entire record, the undersigned finds that the Claimant has the residual functional capacity to perform a full range of light work as defined in 20

CFR 404.1567(b): she can lift 20 pounds occasionally, 10 pounds or less frequently; she can sit for 6 hours and stand/walk for 6 hours in an 8 hour workday; she can occasionally climb, balance, stoop or crouch, but cannot kneel or crawl; there should be no concentrated exposure to hazards, or heights; she is capable of simple routine, repetitive tasks;

6. Claimant is <u>capable of performing past relevant work as a dietary aide, as performed</u>. This work does not require the performance of work-related activities precluded by the Claimant's residual functional capacity; and

7. The Claimant has not been under a disability, as defined in the Social Security Act from July 30, 2006 through the date of this decision.

R. 12-21 (emphasis added). Thus, the ALJ determined that Claimant had the residual functional capacity to perform her past relevant work as a dietary aide and, therefore, Claimant was not disabled. 20. In his decision, the ALJ only addressed Claimant's past work as a dietary aide and, after finding that was past relevant work which Claimant could perform, the ALJ found Claimant not disabled without determining whether there was any other work Claimant could perform. R. 20.

Claimant timely requested review of the ALJ's decision before the Appeals Council. R. 8. On April 24, 2009, the Appeals Council denied review stating that it had "considered the reasons you disagree with the decision . . . [but] [w]e found that this information does not provide a basis for changing the [ALJ's] decision." R. 4-5. On June 1, 2009, Claimant filed an appeal in this Court. Doc. No. 1. On December 21, 2009, Claimant filed a memorandum in support of her position on appeal. Doc. No. 13. On February 19, 2010, the Commissioner filed a memorandum in support of the Commissioner's final determination. Doc. No. 16.

### III. THE PARTIES' POSITIONS

Claimant assigns three errors to the Commissioner's decision: 1) the ALJ erred by finding Claimant is able to perform her past relevant work and, therefore, is not disabled; 2) the

ALJ erred by not applying the correct legal standards to Claimant's side-effects from medications; and 3) the ALJ failed to properly apply the pain standard and the ALJ's credibility determination is not supported by substantial evidence. Doc. No. 13. Claimant requests that the Court reverse the case for an award of benefits or, alternatively, remand the case to the ALJ for further proceedings. Doc. No. 13 at 16.

The Commissioner concedes that Claimant's work as a dietary aide occurred more than fifteen years prior to the ALJ's decision and, therefore, cannot be considered past relevant work. Doc. No. 16 at 15. Thus, the Commissioner concedes that the ALJ erred in determining Claimant could perform past relevant work as a dietary aide. *Id*. However, the Commissioner maintains that the error is harmless because the VE testified that Claimant can perform other work that exists in significant numbers. *Id*. The Commission further asserts that a remand to the ALJ would amount to no more than an empty exercise. *Id*. The Commissioner also argues that the ALJ properly applied the pain standard, substantial evidence supports the ALJ's credibility determination, and the ALJ implicitly considered Claimant's allegations of side-effects in evaluating Claimant's credibility and there is no medical evidence to support Claimant's side-effects allegations. Doc. No. 16 at 7-14. Thus, the Commissioner requests that the Court affirm the decision below because it is supported by substantial evidence and "decided by proper legal standards." Doc. No. 16 at 18.

## IV. LEGAL STANDARDS

### A. THE ALJ'S FIVE-STEP DISABILITY ANALYSIS

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is

4

disabled. *See* 20 CFR §§ 404.1520(a), 416.920(a). The steps are followed in order. If it is determined that the claimant is or is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

At step one, the ALJ must determine whether the claimant is engaging in substantial gainful activity. 20 CFR §§ 404.1520(b), 416.920(b). Substantial gainful activity ("SGA") is defined as work activity that is both substantial and gainful. "Substantial work activity" is work activity that involves performing significant physical or mental activities. 20 CFR §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually performed for pay or profit, whether or not a profit is realized. 20 CFR §§ 404.1572(b), 416.972(b). Generally, if an individual has earnings from employment or self-employment above a specific level set out in the regulations, it is presumed that he has demonstrated the ability to engage in SGA. 20 CFR §§ 404.1574, 404.1575, 416.974, 416.975. If an individual is not engaging in SGA, the analysis proceeds to the second step.

At step two, the ALJ must determine whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe." 20 CFR §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 CFR § 404.1521. An impairment or combination of impairments is "not severe" when medical or other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 CFR §§ 404.1521, 416.921.

In determining whether a claimant's physical and mental impairments are sufficiently

severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). The ALJ must evaluate a disability claimant as a whole person, and not in the abstract as having several hypothetical and isolated illnesses. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993). Accordingly, the ALJ must make it clear to the reviewing court that the ALJ has considered all alleged impairments, both individually and in combination, and must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. *See Jamison v. Bowen*, 814 F.2d 585, 588-89 (11th Cir. 1987); *Davis*, 985 F.2d at 534. A mere diagnosis is insufficient to establish that an impairment is severe. *See Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1211 (M.D. Ala. 2002) (citing *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986)). A claimant has the burden of proof to provide substantial evidence establishing that a physical or mental impairment has more than a minimal effect on a claimant's ability to perform basic work activities. *See Bridges v. Bowen*, 815 F.2d 622, 625-26 (11th Cir. 1987). A remand is required where the record contains a diagnosis of a severe condition that the ALJ failed to consider properly. *Vega v. Comm'r*, 265 F.3d 1214, 1219 (11th Cir. 2001). If the claimant does not have a severe medically determinable impairment or combination of impairments, he is not disabled. If the claimant has a severe impairment or combination of impairments, the analysis proceeds to the third step.

At step three, it must be determined whether the claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listing(s)"). 20 CFR §§ 404.1520(d), 404.1525, 404.1526,

416.920(d), 416.925, 416.926.  If the claimant's impairment or combination of impairments meets or medically equals the criteria of a Listing and meets the duration requirement (20 CFR §§ 404.1509, 416.909), the claimant is disabled.  If it does not, the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the claimant's RFC. 20 CFR §§ 404.1520(e), 416.920(e).  An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations secondary to his established impairments.  In making this finding, the ALJ must also consider all of the claimant's impairments, including those that may not be severe. 20 CFR §§ 404.1520(e), 404.1545, 416.920(e), 416.945.

Next, the ALJ must determine at step four, whether the claimant has the RFC to perform the requirements of his past relevant work. 20 CFR §§ 404.1520(f), 416.920(f); *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).  The ALJ makes this determination by considering the claimant's ability to lift weight, sit, stand, push, and pull.  *See* 20 C.F.R. § 404.1545(b).  The claimant has the burden of proving the existence of a disability as defined by the Social Security Act.  *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991).  If the claimant is unable to establish an impairment that meets the Listings, the claimant must prove an inability to perform the claimant's past relevant work. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). <u>The term past relevant work means work performed (either as the claimant actually performed it or as it is generally performed in the national economy) within the last 15 years or 15 years prior to the date that disability must be established</u>. 20 CFR § 404.1565(a).  In addition, the work must have lasted long enough for the claimant to learn to do the job and have been

7

SGA. 20 CFR §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the claimant has the RFC to do his past relevant work, the claimant is not disabled. If the claimant is unable to do any past relevant work, the analysis proceeds to the fifth and final step.

At the last step of the sequential evaluation process (20 CFR §§ 404.1520(g), 416.920(g)), the ALJ must determine whether the claimant is able to do any other work considering his RFC, age, education and work experience. In determining the physical exertional requirements of work available in the national economy, jobs are classified as sedentary, light, medium, heavy, and very heavy. 20 CFR. § 404.1567. If the claimant is able to do other work, he is not disabled. If the claimant is not able to do other work and his impairment meets the duration requirement, he is disabled. Although the claimant generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Social Security Administration. In order to support a finding that an individual is not disabled at this step, the Social Security Administration is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the RFC, age, education and work experience. 20 CFR §§ 404.1512(g), 404.1560(c), 416.912(g), 416.960(c).

**B.    THE STANDARD OF REVIEW**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838

(11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord*, *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

Congress has empowered the district court to reverse the decision of the Commissioner without remanding the cause. 42 U.S.C. § 405(g)(Sentence Four). To remand under sentence four, the district court must either find that the Commissioner's decision applied the incorrect law, fails to provide the court with sufficient reasoning to determine whether the proper law was applied, or is not supported by substantial evidence. *Keeton v. Dep't of Health & Human Serv.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (reversal and remand appropriate where ALJ failed to apply correct law or the ALJ failed to provide sufficient reasoning to determine where proper legal analysis was conducted) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1146 (11th Cir. 1991); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)); *Jackson v. Chater*, 99 F.3d 1086, 1090-91 (11th Cir. 1996) (remand appropriate where ALJ failed to develop a full and fair record of claimant's RFC); *accord Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980) (remand

appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

This Court may reverse the decision of the Commissioner and order an award of disability benefits where the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993); *accord*, *Bowen v. Heckler*, 748 F.2d 629, 631, 636-37 (11th Cir. 1984). A claimant may be entitled to an immediate award of benefits where the claimant has suffered an injustice, *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982), or where the ALJ has erred and the record lacks substantial evidence supporting the conclusion of no disability, *Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985). The district court may remand a case to the Commissioner for a rehearing under sentences four or six of 42 U.S.C. § 405(g); or under both sentences. *Jackson*, 99 F.3d at 1089-92, 1095, 1098. Where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow the Commissioner to explain the basis for his decision. *Falcon v. Heckler*, 732 F.2d 827, 829 - 30 (11th Cir. 1984) (remand was appropriate to allow ALJ to explain his basis for determining that claimant's depression did not significantly affect her ability to work).[1]

## V. ANALYSIS

**Past Relevant Work and Other Work**

Claimant maintains that the ALJ erred in finding that her residual functional capacity permitted Claimant to perform her past relevant work for two reasons: 1) the ALJ failed to apply

---

[1] On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand ALJ required to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (on remand ALJ required to consider the need for orthopedic evaluation). After a sentence-four remand, the district court enters a final and appealable judgment immediately, and then loses jurisdiction. *Jackson*, 99 F.3d at 1089, 1095.

the proper legal standards in determining Claimant's work as a dietary aide was past relevant work; and 2) the ALJ erred by not continuing to step five of the sequential evaluation process and determining whether there was other work that Claimant could perform. Doc. No. 13 at 5-6. The Commissioner rightly concedes that the ALJ did not apply the correct legal standards in finding Claimant's work as a dietary aide was past relevant work, but maintains that ALJ's error was harmless because the VE testified that there was other work the Claimant could perform. Doc. No. 16 at 14-15 (citing *Caldwell v. Barnhart*, 261 Fed.Appx. 188 (11th Cir. 2008) (unpublished); *Ward v. Commissioner of Social Security*, 211 F.3d 652, 656 (1st Cir. 2000); *Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998); *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989)).[2]

Under the regulations, past relevant work is: 1) work that a claimant has done in the past fifteen years; 2) work that lasted long enough for the claimant to learn it; and 3) work that was substantial gainful activity. 20 CFR § 416.965(a) ("We consider that your work experience applies when it was done within the last 15 years, lasted long enough for you to learn to do it, and was substantial gainful activity."); *see also Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). In his decision, the ALJ specifically found that Claimant's work as a dietary aide was past relevant work. R. 20. However, Claimant's work as a dietary aide was performed more than fifteen years prior to the ALJ's decision and, therefore, cannot be considered past relevant work. R. 64. Accordingly, the ALJ erred and failed to apply the correct legal standard when he determined that Claimant's work as a dietary aide was past relevant work.

The Commissioner asserts that the error was harmless because the VE testified that there was other work that exists in the national economy that Claimant could perform. Doc. No. 16 at

---

[2] In the Eleventh Circuit, unpublished opinions are not binding, but are persuasive authority.

15-17. In the ALJ's decision, however, he did not make any findings regarding whether there was other work Claimant could perform or whether the medical vocational grids provide a framework for his decision-making in this case. R. 20. Instead, after erroneously finding Claimant could perform past relevant work as a dietary aide, the ALJ did not proceed to the next step in the sequential evaluation process and concluded Claimant was not disabled. R. 20-21.

The Commissioner cites to four cases in support of the argument that the ALJ's error is harmless: 1) *Caldwell v. Barnhart*, 261 Fed.Appx. 188, 190-91 (11th Cir. 2008); 2) *Ward v. Commissioner of Social Security*, 211 F.3d 652, 656 (1st Cir. 2000); 3) *Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998); and 4) *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989). While the Commissioner relies on these cases through a string citation and does not discuss how each case cited should be applied to this case, the Court will nevertheless consider each case. *See* Doc. No. 16 at 15-17. In *Caldwell v. Barnhart*, 261 Fed.Appx. 188, 190-91 (11th Cir. 2008), the Eleventh Circuit found that the ALJ's failure to include a consultative examiner's functional limitation findings in a hypothetical question to the VE was harmless error because the application of the consultative examiner's functional limitations would not have changed the result. *Id*. The ALJ specifically found that Caldwell had the residual functional capacity to perform other jobs that exist in significant numbers in the national economy. *Caldwell*, 261 Fed.Appx. at 190. The Eleventh Circuit also found that the ALJ's failure to state what weight was accorded to a Psychiatric Review Technique and Mental Residual Functional Capacity Evaluation was harmless error because the ALJ gave significant weight to the testimony of another doctor whose findings did not contradict the findings of the Psychiatric Review Technique and Mental Residual Functional Capacity Evaluation. *Id*. at 191.

*Caldwell* is distinguishable for two reasons: 1) the ALJ's errors in *Caldwell* were rendered harmless by other specific findings made by the ALJ in his decision; and 2) the scope of the errors in *Caldwell* were very narrow. In the present case, the ALJ specifically determined that Claimant was not disabled because she could perform her past relevant work as a dietary aide. R. 20. The ALJ made no alternative or other finding which would support his ultimate decision. R. 20-21. The final decision of the Commissioner in this case rests solely on the ALJ's past relevant work determination. R. 20-21.

In *Ward v. Commissioner of Social Security*, 211 F.3d 652, 653-58 (1st Cir. 2000), the claimant sought review of the Commissioner's determination that the claimant's retirement benefits were properly reduced pursuant to the Windfall Elimination Provision of the Act, 42 U.S.C. § 415(a)(7)(A). The ALJ found that the claimant was not eligible for a civil service retirement because he had taken no affirmative action to waive his eligibility for a military pension. *Ward*, 211 F.3d at 654. The Commissioner acknowledged that the ALJ's finding was erroneous. *Id*. The District Court agreed that the ALJ erred in determining that the claimant had to waive his military pension in order to be eligible for a civil service pension, but affirmed the final decision of the Commissioner because the claimant nevertheless fell under the provisions of the Windfall Elimination Provision. *Id*. at 655. The First Circuit affirmed, stating that "[w]hile an error of law by the ALJ may necessitate a remand, a remand is not essential if it will amount to no more than an empty exercise." *Id*. at 656 (citing *Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998) ("Where the application of the correct legal standard could lead to only one conclusion, we need not remand.")). The First Circuit concluded:

> The ALJ's error prevented him from inquiring into whether, apart from waiving his military retirement benefits, Ward was eligible

> for his civil service pension in 1984. Since, however, the record is fully developed and Ward has made no showing that a remand is necessary for the taking of new and material evidence, we can determine on appeal whether the evidence supports the Commissioner's decision under the appropriate test.

*Id*. at 656. The First Circuit also stated that the Commissioner's reliance on the harmless error doctrine was inappropriate, but it understood that the Commissioner was actually arguing that "there was no harm from the ALJ's use of an erroneous ground of decision because there was an independent ground on which affirmance must be entered as a matter of law." *Id*. (internal citations omitted).

*Ward* is not persuasive for two reasons: 1) in the Eleventh Circuit, the Court is not permitted to reweigh the evidence; and 2) an analogous binding opinion from the Eleventh Circuit, *Moore v. Barnhart*, 405 F.3d 1208, 1213-14 (11th Cir. 2005), compels a different result. The Eleventh Circuit has held that a reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). If this Court were to find *Ward* persuasive and apply it to this the case, the result would necessarily require the Court to reweigh the evidence and make specific findings regarding the VE's testimony which were not made by the ALJ in his decision. *See also*, *Nyberg v. Commissioner of Social Security*, 179 Fed. Appx. 589, 591 (11th Cir. 2006) (unpublished) (holding a Court could not determine whether ALJ's failure to consider a treating physician's opinion was harmless without reweighing the evidence and engaging in conjecture that invades the province of the ALJ).

Moreover, in *Moore*, 405 F.3d at 1214, the Commissioner conceded that the ALJ erred in not completing a Psychiatric Review Technique (the "PRT") or complying with its mode of

analysis, but the Commissioner argued that a remand was unnecessary because it would only require rote completion of the PRT. *Id*. The Eleventh Circuit reversed, finding that the "ALJ is required to incorporate the results of [the PRT] into the findings and conclusions," and "[b]ecause the ALJ's decision lacks consideration of these factors and their impact on [the ALJ's] ultimate conclusion as to Moore's RFC, we cannot even evaluate the Commissioner's contention that the ALJ's error was harmless." *Id*. at 1214. This Court cannot invade the province of the ALJ by reweighing the evidence and making additional findings regarding the VE's testimony. *Dyer*, 395 F.3d at 1210; *Moore*, 405 F.3d at 1214; *Nyberg*, 179 Fed.Appx. at 592. Thus, the Court finds *Ward* unpersuasive.

In *Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998), the Second Circuit reversed and remanded the final decision of the Commission because it was unclear whether the ALJ had applied the correct legal standards. The Court stated:

> In light of these circumstances, we cannot be certain whether or not the Commissioner's ultimate conclusion that plaintiff was not disabled is supported by substantial evidence. "Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir.1987). Where application of the correct legal standard could lead to only one conclusion, we need not remand. *Id*. However, on this record, we cannot say with certainty what weight should be assigned, pursuant to the 1991 Regulations, to the opinion of plaintiff's treating physician, or whether further clarification of the record with these regulations in mind might alter the weighing of the evidence. It is for the SSA, and not this court, to weigh the conflicting evidence in the record. *See Miller v. Chater*, 99 F.3d 972, 978 (10th Cir.1996) (an "appeals court does not reweigh the evidence in social security cases").

15

*Schaal*, 134 F.3d at 504. *Schaal* actually supports this Court's conclusion that a reviewing court may not reweigh the evidence or make additional findings not previously addressed by the ALJ.

In *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989), the claimant challenged the ALJ's determination that the claimant did not have a severe mental impairment. The Seventh Circuit noted that the psychiatric report contained certain anomalies which were not addressed by the ALJ, but stated: "No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Id*. at 1057. In this case, the basis for ALJ's determination that Claimant is not disabled rests solely on an incorrect application of the legal standard regarding what constitutes past relevant work. A remand for the ALJ to apply the correct legal principles to his ultimate decision in this case is, therefore, not a mere formality or a useless quest for perfection. Thus, the Court finds *Fisher* distinguishable from the present case.

The Court, having fully considered the cases cited by the Commissioner in support of the harmless error argument, finds that they do not provide a basis for a finding of harmless error in this case. The ALJ's error in determining past relevant work in this case is a fatal flaw because that is where the ALJ's findings and analysis ended. Requiring this Court to do anything more than remand would necessarily require the court to impermissibly reweigh the evidence and make its own findings on matters not considered by the ALJ in his decision. Accordingly, the Court finds that the ALJ's error is not harmless.

## VI. <u>Remedy</u>

As set forth above, Claimant requests reversal for an award of benefits or, alternatively, a remand to the ALJ for further proceedings. Doc. No. 13 at 16-7. A court may reverse for an

award of benefits in two narrow circumstances: 1) where the Commissioner has already considered all the essential evidence and the cumulative effect of the evidence establishes disability without any doubt; and 2) where a claimant has suffered an injustice. *See Davis*, 985 F.2d at 534; *Walden*, 672 F.2d at 849. Based on the record and the ALJ's decision, it is not clear that the Commissioner has considered all the evidence because the VE's testimony regarding other work was not included in the ALJ's decision. It is equally unclear whether the cumulative effect of the evidence establishes disability without a doubt. Moreover, Claimant has not alleged an injustice. Accordingly, the proper remedy is a remand to the ALJ for further proceedings.[3]

## VII. CONCLUSION

Based on the above stated reasons, the final decision of the Commissioner is **REVERSED and REMANDED to the ALJ for further proceedings pursuant sentence four of Section 405(g)**. The Clerk is directed to enter a separate judgment in favor of the Claimant and close the case.

**DONE and ORDERED** in Orlando, Florida on March 26, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge

The Court Requests that the Clerk
Mail or Deliver Copies of this Order to:

Richard A. Culberston

---

[3] Because the ALJ failed to apply the correct legal standards when determining Claimant could perform past relevant work, it is unnecessary to address the other arguments raised by Claimant.

3222 Corrine Drive, Suite E
Orlando, FL 32803

Susan R. Waldron
U.S. Attorney's Office
Suite 3200
400 N. Tampa St.
Tampa, Florida			33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Richard V. Blake, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia		30303-8920


The Honorable Patrick F. McLaughlin
Administrative Law Judge
c/o Social Security Administration
Office of Disability Adjudication and Review
Desoto Building #400
8880 Freedom Crossing
Jacksonville, FL 32256-1224